```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                          EASTERN DIVISION

FRANK D. SCHEMBRE, et al.,      )
                                )
          Plaintiffs,           )
                                )
     vs.                        )     No. 4:06-CV-943 (CEJ)
                                )
AGR CONSTRUCTION COMPANY and    )
ABDF CONSTRUCTION, LLC,         )
                                )
          Defendants.           )
```

### MEMORANDUM AND ORDER

This matter is before the Court on plaintiffs' supplemental motion for partial summary judgment. Defendants have not responded to the motion and their time for doing so has expired. The case is set for non-jury trial on July 9, 2007.

On May 22, 2007, the Court granted plaintiffs' motion for partial summary judgment for delinquent fringe benefit contributions and liquidated damages for hours worked between March 8, 2004, and December 31, 2005, by fifteen employees.[1] The Court declined to consider plaintiffs' claim for contributions for employees Adam Garza and David Overton because the claim was first asserted in plaintiffs' reply brief. Plaintiffs have now filed a separate motion, in which they seek $3,330.55 in delinquent contributions and $333.06 in liquidated damages relating to employees Garza and Overton.

Bryan Fennell, secretary of defendant AGR Construction, testified that Garza and Overton did cement finishing work. According to Fennell, no contributions were paid on their behalf because they

---

[1] Matthew Batchelor, James Bell, Jr., Terry Cusumano, Kevin Daly, Danny Hedrick, Steven House, Michael Keeteman, Michael Kirkpatrick, Bart Lewis, Ernest Maxwell, Charles Puentes, William Swan, Eugene Thomas, Darrell Vinyard, and John Wuelling, Jr.

are not union members.  However, the collective bargaining agreement requires defendants to pay contributions for all employees engaging in covered work, regardless of union membership.  See § 1.01 (defining "employee" as a "person employed by the Employer and having the job classification of or performing labor as a cement mason or a cement mason apprentice"); § 2.01 (recognizing union as "sole and exclusive bargaining agent for all Employees of the Employer engaged in cement finishing on construction work . . ."); § 7.06 (pension fund contributions required for "each actual hour worked by each employee covered by this Agreement"); § 7.07 (same for welfare fund); § 7.11 (same for training fund).  Based upon defendants' admission that Garza and Overton performed cement finishing work, contributions are owed upon their behalf.  The undisputed evidence establishes that defendants owe contributions in the amount of $3,330.55 and liquidated damages in the amount of $333.06.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' supplemental motion for partial summary judgment in the amount of $3,663.61, consisting of $3,330.55 for delinquent contributions and $333.06 for liquidated damages, [Doc. #23] is **granted**.

A judgment will be entered at the conclusion of this case consistent with the instant order and the order entered on May 22, 2007.

                                                      CAROL E. JACKSON
                                                      UNITED STATES DISTRICT JUDGE

Dated this 2nd day of July, 2007.