```
            UNITED STATES DISTRICT COURT
            EASTERN DISTRICT OF MISSOURI
                  EASTERN DIVISION
```

| | | |
|---|---|---|
| FRANK D. SCHEMBRE, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | No. 4:06-CV-943 (CEJ) |
| | ) | |
| AGR CONSTRUCTION COMPANY and | ) | |
| ABDF CONSTRUCTION, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

### MEMORANDUM AND ORDER

This matter is before the Court on plaintiffs' motion to compel discovery. Specifically, plaintiffs seek an order directing defendants to produce documents and requiring corporate officer Bryan Fennell to answer deposition questions. Defendants have filed a response in opposition to the motion and the issues are fully briefed.

**I.  Background**

This is an action to collect delinquent fringe benefit contributions pursuant to the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1132. The Court entered judgments on May 22, 2007, and July 2, 2007, in the aggregate amount of $51,561.86. On August 1, 2007, plaintiffs served upon Bryan Fennell, an officer of defendant AGR Construction Company,[1] a notice of deposition pursuant to Fed.R.Civ.P. 69(a). The notice was directed to Bryan

---

[1] AGR Construction Company is a registered fictitious entity owned by defendant ABDF Construction, LLC. Mr. Fennell previously appeared for deposition in this matter and answered all questions propounded to him.

Fennell, AGR Construction Company, and ABDF Construction Company, and included the following statement: **"As an officer of AGR Construction Company and ABDF Construction Company, you are required to appear in response to this notice as if it were a subpoena**. Mr. Fennell is requested to produce at deposition the documents listed below." Notice of Deposition, Ex. 1 to Affidavit of Michael A. Evans [Doc. #47-4] (emphasis in original). On August 16, 2007, plaintiffs served another notice that differed only with respect to the date of the deposition. Notice of Deposition, Ex. 2 to Affidavit of Michael A. Evans [Doc. #47-5]. Although Mr. Fennell appeared for deposition on August 29, 2007, he refused to answer questions (other than providing his name and address), invoking federal and state constitutional rights against self-incrimination.[2] He also did not produce any of the requested documents.

---

[2] Mr. Fennell invoked his privilege against self-incrimination in response to questions about the two defendant companies, including their addresses, their current business activity, their accounts receivable, anticipated new bids, amounts owed to the companies, corporate assets, corporate stocks or bonds, bank accounts, certificates of deposit, loans to other entities or individuals, real estate holdings, personal property, vehicles, and equipment. He also declined to answer any questions regarding the debts of the two defendant companies, the numbers of their employees, the identities of their clients, and the companies' principals, officers, and directors. He finally refused to answer questions about any other business involvement by himself, his wife, or any member of their extended families.

## II. Discussion

The Court begins with defendants' failure to produce documents. Defendants argue that plaintiffs can compel a nonparty such as Mr. Fennell to produce documents only by means of a subpoena, not a deposition notice. See Rule 34(c) (nonparties may be compelled to produce documents as provided in Rule 45). The notices were directed to Mr. Fennell as an officer of the defendants and no subpoena was required. Defendants' contention that the time for production had not yet expired when plaintiffs' filed their motion is without merit. See Rule 34(b) (response to request for documents shall be served within 30 days of request). By failing to timely respond, defendants have waived all objections and will be directed to produce all documents listed in the Notice of Deposition.

The Court now turns to defendants' contention that Mr. Fennell may not be compelled to answer deposition questions based on his right against self-incrimination under the Fifth Amendment to the United States Constitution and Article I, section 19 of the Missouri Constitution. The first question the Court must address is whether Mr. Fennell may rely upon the protections afforded under the state constitution, which defendants contend are broader than the federal privilege.

Rule 501, Fed.R.Evid., supplies the general rule regarding the treatment of privilege by federal courts:

> **Except as otherwise required by the Constitution of the United States or provided by Act of Congress or in rules prescribed by the Supreme Court . . ., the privilege of a witness . . . shall be governed by the principles of the common law as they may be interpreted by the courts of the United States in the light of reason and experience. However, in civil actions and proceedings, with respect to an element of a claim or defense as to which State law supplies the rule of decision, the privilege of a witness . . . shall be determined in accordance with State law.**

State privileges are honored in federal litigation only when state law supplies the rule of decision. EEOC v. Illinois Dept. of Employment Sec., 995 F.2d 106, 107 (7th Cir. 1993) (reversing district court's refusal to enforce EEOC subpoena based upon state statute); see also King v. Conde, 121 F.R.D. 180, 187 (E.D.N.Y. 1988) (listing cases). And, district courts apply federal law even where a state grants a broader privilege against self-incrimination. See United States v. Rose, 806 F.2d 931, 932 (9th Cir. 1986) (witness who was granted use immunity could not refuse to testify in federal criminal proceeding based on state's more stringent transactional-immunity requirement). "[A]lthough the Supremacy Clause permits the federal government to extend immunity against state prosecutions, 'states, of course, do not have a corresponding power to impose their immunity grants upon the Federal Government.'" Id., quoting United States v. McDaniel, 449 F.2d 832, 839 n.3 (8th Cir. 1971); see also Couch v. United States, 409 U.S. 322, 335 (1973) (rejecting taxpayer's claim of accountant-client privilege in response to IRS summons issued to her accountant). Thus, Mr. Fennell must show that he satisfies the

requirements of the federal privilege in order to avoid answering deposition questions.

The Fifth Amendment privilege against self-incrimination "not only extends to answers that would in themselves support a conviction . . . but likewise embraces those which would furnish a link in the chain of evidence needed to prosecute the claimant." Hoffman v. United States, 341 U.S. 479, 486 (1951). However, in order to invoke the protection, the witness must have "reasonable cause to apprehend danger from a direct answer." Id. The privilege against self-incrimination presupposes a real danger of legal detriment arising from the disclosure. Rogers v. United States, 340 U.S. 367, 372-73 (1951). Disclosure of a fact waives the privilege as to details. Id. at 373.

There is no blanket Fifth Amendment right to refuse to answer questions in noncriminal proceedings. Capitol Products Corp. v. Hernon, 457 F.2d 541, 542 (8th Cir. 1972). In evaluating a claim of Fifth Amendment privilege, the court must determine, for each question, "from the implications of the question, in the setting in which it is asked, that a responsive answer to the question or an explanation of why it cannot be answered might be dangerous because injurious disclosure could result." Id. at 543, quoting Hoffman, 341 U.S. at 486-87. Mr. Fennell does not argue that a responsive answer to the questions asked might lead to an injurious disclosure.

The Capitol Products Corp. case is instructive. As in the present matter, a judgment creditor attempted to depose the judgment debtor pursuant to Rule 69. The judgment debtor invoked his right against self-incrimination and refused to answer questions or provide documents. Id. at 542 n.1. The district court ordered him to answer two of the propounded questions but otherwise upheld his right against self-incrimination. The Eighth Circuit Court of Appeals reversed, finding that "nothing either inherent in the questions or in the setting in which they were asked suggests that the defendant was confronted by a substantial and real hazard of incrimination." The court noted that there was nothing to link the debtor with any criminal proceeding, nor was there any reason to believe that the purpose of the examination was anything other than a search of his assets to satisfy the judgment. The Court of Appeals remanded the matter to the district court with instructions to order the defendant to answer all questions that were still relevant, "unless a real danger of incrimination is specifically established with respect to each question. On remand, the court should give the defendant an opportunity to develop the facts underlying his fear of incrimination." Id. at 544.

Mr. Fennell has not established that he faces a real danger of incrimination with respect to any of the questions he declined to answer at deposition. Of course, several questions may be moot once defendants produce the documents plaintiffs requested. The Court will direct the plaintiffs to identify any deposition

questions that remain unanswered.  Mr. Fennell will then have an opportunity to demonstrate that he has reasonable cause to believe that answering will place him at jeopardy of self-incrimination.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion to compel discovery [Doc. #46] is **granted**, as stated above.

**IT IS FURTHER ORDERED** that defendants shall, not later than **November 19, 2007**, produce the documents listed in the Notice of Deposition and Request for Production of Documents, served on August 1, 2007, and filed as Exhibit 1 to the Affidavit of Michael A. Evans [Doc. #47-4].  Failure to comply may result in a finding of contempt of court.

**IT IS FURTHER ORDERED** that, not later than **December 21, 2007**, plaintiffs shall file a memorandum setting forth the questions from Bryan Fennell's August 29, 2007 deposition that remain unanswered. The Court will thereafter provide further instructions, if necessary.

                                                CAROL E. JACKSON
                                                UNITED STATES DISTRICT JUDGE

Dated this 2nd day of November, 2007.